IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01886-ZLW-CBS

PHILIP C. SEKAR,
　　　　Plaintiff,
v.

TRUDY UTT, et al.,
　　　　Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

　　　　This civil action comes before the court on Mr. Sekar's failure to timely serve Defendants. Pursuant to the Order of Reference dated September 27, 2006 (doc. # 3), this civil action was referred to the Magistrate Judge to, *inter alia,* "[h]ear and determine pretrial matters . . ." and "to submit proposed findings of fact and recommendations for rulings on dispositive motions. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.


I.　　　Proceeding *pro se*, Sekar filed his Complaint on September 22, 2006. Mr. Sekar is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, as he paid his filing fee in full on September 22, 2006. (*See* receipt (doc. # 1-3)).

　　　　On January 19, 2007, the court granted Mr. Sekar's request for a 30-day extension of time up to February 20, 2007 to "proceed with the summons." (*See* doc. # 12). The court advised Mr. Sekar that failure to serve the Defendants on or before February 20, 2007 may result in dismissal of this civil action without further notice. On February 23, 2007, the court granted Mr. Sekar's request for an additional extension of time to March 22, 2007 to serve the Defendants. In response to Mr. Sekar's description of his efforts to serve the complaint and summons himself, the court advised Mr. Sekar that "[s]ervice *may*

1

*be effected by any person who is not a party* and who is at least 18 years of age." (*See* doc. # 14 (citing Fed. R. Civ. P. 4(c)(2) (emphasis added)). The court again advised Mr. Sekar that failure to serve the Defendants on or before March 22, 2007 may result in dismissal of this civil action without further notice. The court informed Mr. Sekar that no further extensions would be granted.

On March 2, 2007 and March 15, 2007, Mr. Sekar filed letters with the court explaining that he has been unable to serve the Defendants and requesting a trial date. (*See* docs. # 15 and # 16). Mr. Sekar suggests that Defendants have "purposely delayed the process of serving the summons." (*See* doc. # 16).

Rule 4 of the Federal Rules of Civil Procedure provides for service of the summons and complaint. Fed. R. Civ. P. 4(m) provides that

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

The court has granted Mr. Sekar two extensions of time to serve the Defendants. Mr. Sekar's attempts to serve the Defendants himself do not comply with Fed. R. Civ. P. 4. While Mr. Sekar on one occasion asked the Adams County Sheriff's Office to serve the Defendants, there is no indication in the record that he has ever hired a private process server. There is no evidence in the record to support Mr. Sekar's conclusory allegation that Defendants have "purposely delayed the process of serving the summons." As of this date, Sekar has not filed with the court proof of service on the Defendants and 192 days have passed since the filing of the Complaint. Without proof of service, the court lacks personal jurisdiction over the Defendants. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted). This civil action may

properly be dismissed without prejudice.

II.     The Tenth Circuit Court of Appeals has held that "when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-N-Go*, 790 F.2d 1497, 14999 (10th Cir. 1986).   Here, the court recommends dismissal without prejudice.   However, the statute of limitations may bar refiling upon dismissal, even if the dismissal were stated to be without prejudice.

A.     Mr. Sekar alleges that Defendants acted "in violation of the age discrimination in Employment act of 1967" ("ADEA") and "in violation of the Americans with Disabilities Act of 1990" ("ADA").   (*See* Complaint at page marked "4").

Timely filing of a charge of discrimination with the EEOC is a prerequisite to filing an ADEA or ADA complaint in federal court.   29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (ADA) ("the powers, remedies, and procedures set forth in [Title VII] . . . shall be the powers, remedies, and procedures this title provides . . . ).   In both ADEA and ADA cases, upon receiving a right to sue notice from the EEOC, a plaintiff has ninety days to bring a civil action against the respondent named in the EEOC Charge of Discrimination. *See* 29 U.S.C. § 626(e) (ADEA);   42 U.S.C. § 12117(a) (ADA);   *Littell v. Aid Assn. for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995) (Civil Rights Act of 1991 amended the ADEA statute of limitations to provide that a complaint may be filed within 90 days after the complainant received a right-to-sue letter from the EEOC);   *St. Louis v. Texas Worker's Compensation Commission*, 65 F.3d 43, 47 (5th Cir.1995) (" § 626(e)'s 90-day limitations period is the exclusive statute of limitations under the ADEA");   *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim filed under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue

letter"); *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1332 (M.D. Ala. 2001) ("The ADA specifically incorporates the procedural provisions of Title VII. . . Therefore, an aggrieved party must file a civil action in federal court no later than 90 days after receiving a right to sue letter") (citations omitted).

Mr. Sekar has not alleged whether or when he filed a Charge of Discrimination with the EEOC or received a notice of his right to file a civil action. (*See* Complaint). As the ADEA and ADA statutes of limitations may bar refiling even upon dismissal without prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the recommended sanction of dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1187 (10th Cir. 2002) ("dismissal as a sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under" *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria").

B.      The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, there has been minimal actual prejudice to the Defendants, as they have not yet been served in this civil action. Second, without proof of service, the court lacks personal jurisdiction over the Defendants. Third, despite Mr. Sekar's allegation that

Defendants have "purposely delayed the process of serving the summons," the record does not reveal that anyone other than Mr. Sekar is culpable for his failure to effect service on the Defendants. In the absence of any effort to hire a private process server, Mr. Sekar has not adequately demonstrated that he was unable to perform his obligations in this case. Fourth, Mr. Sekar was fully warned more than once of the possibility of dismissal for failure to effect service. Fifth, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction for failure to serve the Defendants.

The court also notes that Mr. Sekar fails to state a claim for relief against the Defendants. In his Complaint, Mr. Sekar sues only individual Defendants. Mr. Sekar alleges that Defendants acted in violation of the ADEA and the ADA. The ADEA does not create liability against individual supervisors who do not otherwise qualify as employers under the statutory definition. *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) ("we now hold that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition"); *U.S.E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) ("[I]ndividuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA"); *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir. 1995) (individual county commissioners could not be considered plaintiff's employer and therefore could not be held liable under the ADEA or Title VII); *Birkbeck v. Marvel Lighting Corporation*, 30 F.3d 507, 510-11 (4th Cir. 1994) (ADEA "limits civil liability to the employer"); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("it is inconceivable that Congress intended to allow civil liability [under Title VII and the ADEA] to run against individual employees"). Thus, Mr. Sekar fails to state a claim against the individual Defendants.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITHOUT PREJUDICE

pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants and pursuant to D.C. COLO. LCivR 41.1 for failure to prosecute this civil action.

## Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real*

*Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of April, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge